ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| GEOVANY SOTO PONCE<br><br>Peticionario<br><br>v.<br><br>LUZEM ARLENE TORRES OSORIO<br><br>Recurrido | KLCE202400415 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022RF00544<br><br>Sobre:<br><br>Divorcio- Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparece Geovany Soto Ponce (Soto Ponce o peticionario) y nos solicita la revocación de una *Resolución* emitida el 10 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto *certiorari*. Veamos.

## I.

Soto Ponce instó una demanda sobre divorcio contra Luzem Arlene Torres Osorio (Torres Osorio o recurrida) y tras los procedimientos de rigor, el foro primario notificó una sentencia en la cual decretó roto y disuelto el vínculo matrimonial. Los asuntos relacionados a la custodia y bienestar de los hijos menores de ambas partes continuaron dilucidándose ante el foro judicial. En cumplimiento con una orden del TPI, la Unidad Social de Salas de Familia y Menores inició una investigación, en aras de realizar una evaluación y así rendir un informe con recomendaciones al tribunal. Pendiente lo anterior y durante la etapa investigativa, el 5 de febrero

Número Identificador

RES2024_____

de 2024, la trabajadora social presentó una *Moción de la Unidad Social*. En esta, expuso que, las partes fueron referidas para la toma de muestras sobre una prueba toxicológica capilar panel V. La prueba del peticionario fue realizada el 8 de enero de 2024. Ante los resultados positivos obtenidos, recomendó que el peticionario fuera referido a tratamiento en el área de sustancias y evaluación en el área del alcohol. Añadió que, las relaciones paternofiliales fueran llevadas a cabo a través de un profesional de la conducta humana y que comenzara el tratamiento de forma inmediata.

Al siguiente mes, la representación legal del peticionario solicitó los resultados toxicológicos y, en cumplimiento, la Unidad Social notificó los resultados de ambos progenitores junto a la copia del formulario sobre la cadena de custodia de la muestra de Soto Ponce.[1]

En reacción, el peticionario instó una *Réplica a: Moción de la Unidad Social*. En esta, afirmó entre otras cosas, que tiene licencia para el uso de cannabis medicinal y la prueba que le fue realizada arrojó un falso positivo. A su vez, presentó copia del resultado de otra prueba de dopaje realizada con posterioridad por otro laboratorio el 7 de febrero de 2024. Los resultados fueron entregados al peticionario el 14 de febrero de 2024 y son distintos, por lo que suplicó que se celebrara una vista evidenciaria.[2] La recurrida acreditó su postura sobre lo recomendado por la Unidad Social. En un escrito posterior indicó que, en todo momento el peticionario tuvo conocimiento de los resultados y procedió por su cuenta a realizar otra prueba, sin informar a la trabajadora social o al Tribunal. Lo antes, sin garantías de una cadena de custodia confiable. Evaluado

---

[1] En la prueba realizada por orden del Tribunal (en Labcorp; OCCUMED Health Services) Soto Ponce arrojó positivo a las sustancias de Cocaína, Benzoylecogonine, Cocaethylene y NorCocaine Véase, Apéndice, págs. 8-9.
[2] En la prueba realizada por OMEGA Laboratories se refleja resultado positivo del peticionario a THC Metabolite. Apéndice, pág. 14.

lo anterior, el 10 de marzo de 2024, el TPI emitió la *Resolución* recurrida, en la que dispuso:

> Habiendo examinado la solicitud de la parte demandante y con el beneficio de la posición fijada por la parte demandada, este tribunal acoge los resultados que surgieron de las pruebas realizadas a la parte demandante y que en su consecuencia motivan a la Trabajadora Social a emitir varias recomendaciones. La prueba realizada por la parte demandante sin la autorización del Tribunal carece de validez.[3]

Insatisfecho, el 9 de abril de 2024, Soto Ponce presentó una *Urgente Solicitud de Aclaración de Resolución*. En síntesis, le solicitó al TPI que indicara si procedía una vista evidenciaria para cumplir con el debido proceso de ley o, de lo contrario, estaría acudiendo al foro apelativo. En consecuencia, el 9 de abril de 2024, el foro primario emitió una *Resolución* señalando que la determinación emitida el 10 de marzo de 2024 fue clara.[4]

En desacuerdo, Soto Ponce acude ante esta Curia y señala que el foro primario cometió los siguientes errores:

> Erró y abuso crasamente de su discreción el TPI al no celebrar una vista evidenciaría para presentar testigos que autentiquen la prueba ofrecida y se admita la prueba de referencia ofrecida por la unidad social, conforme lo requieren las reglas de evidencia y el debido proceso de ley del compareciente.
>
> Erró y abuso crasamente de su discreción el TPI al privarle al compareciente de confrontar la prueba en su contra, contrainterrogar a testigos, impugnar la evidencia y presentar prueba a su favor y en su defensa.
>
> (Mayúsculas y Negrillas suprimidas).

Con el beneficio de la comparecencia de ambas partes,[5] estamos en posición de resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario le solicita a un tribunal de mayor jerarquía

---

[3] Apéndice, pág. 27.
[4] Apéndice, pág. 31.
[5] El 24 de abril de 2024, Torres Osorio presentó su *Moción Cumpliendo con Resolución de 15 de abril de 2024*.

que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de certiorari. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 995 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez*, supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, **en casos de relaciones de familia**, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*;

Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez, supra.* A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> (Énfasis nuestro).

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra.

**III.**

En síntesis, el peticionario solicita que ejerzamos nuestra función discrecional, para que se revoque el dictamen recurrido y se celebre una vista evidenciaria. Si bien es cierto que, el recurso de autos trata sobre asuntos de relaciones de familia contemplados en la Regla 52.1 de Procedimiento Civil, *supra*, tras evaluar el recurso de epígrafe, al amparo de los criterios para la expedición del auto de c*ertiorari* de la Regla 40 del Reglamento de este Tribunal, *supra,* concluimos que el mismo no presenta un asunto que justifique nuestra intervención en esta etapa de los procedimientos.

De un examen del expediente colegimos que, al considerar la solicitud de custodia, en la que, evidentemente surgen controversias entre los progenitores en cuanto a la misma, el foro primario refirió el caso ante la Unidad Social de Salas de Familia y Menores para que realizara una investigación en aras de evaluar la totalidad de las circunstancias del caso. Lo antes, con el propósito de que, en su día, la trabajadora social asignada al caso, presente un informe con recomendaciones al foro judicial sobre custodia, para garantizar el mejor bienestar de los menores. Durante la etapa investigativa y sin haber consignado un informe final, la trabajadora social presentó una moción informativa. Ello, en cumplimiento de sus funciones de mantener informado y ayudar al tribunal a tomar decisiones dirigidas al interés óptimo de los menores, en cualquiera de las etapas del proceso.[6] En la referida moción, la trabajadora social informó sobre la prueba de dopaje realizada -por orden del TPI- al peticionario que arrojó positivo a sustancias controladas y, en su consecuencia, recomendó que se continuaran las relaciones

---

[6] Véase Ley Núm. 223-2011 conocida como "Ley Protectora de los Derecho de los Menores en el Proceso de Adjudicación de Custodia." En particular sección VIII Responsabilidades: 4. Si identifica que un (a) menor o componente de la familia necesita una evaluación de un (una) profesional sicólogo, siquiatra o evaluaciones de adicciones (sustancias controladas, alcohol), solicitará al Tribunal que ordene el correspondiente referido con la justificación necesaria para dicha intervención.

paternofiliales dentro de un contexto terapéutico y que el peticionario recibiera tratamiento. En atención a los cuestionamientos sobre el resultado de la prueba toxicológica, la solicitud de vista instada por el peticionario y lo informado por la trabajadora social, el TPI se limitó a expresar lo siguiente:

> Habiendo examinado la solicitud de la parte demandante y con el beneficio de la posición fijada por la parte demandada, este tribunal acoge los resultados que surgieron de las pruebas realizadas a la parte demandante y que en su consecuencia motivan a la Trabajadora Social a emitir varias recomendaciones. La prueba realizada por la parte demandante sin la autorización del Tribunal carece de validez.

Es de notar que, en la *Resolución* impugnada, el foro recurrido se circunscribe a explicar cierta postura sobre los resultados que motivan a la trabajadora social a emitir recomendaciones. No obstante, no surge que, el TPI haya ordenado implementar las recomendaciones de la trabajadora social. Es decir que, del texto del referido pronunciamiento no observamos que el TPI haya -de forma fehaciente- alterado las relaciones paternofiliales, tampoco se establecen sesiones terapéuticas y mucho menos identificamos una clara adjudicación a la solicitud de vista suplicada por el peticionario.

Hemos evaluado sosegadamente la presente causa y ante el cuadro fáctico que se desprende del expediente, particularmente en esta etapa investigativa preliminar de los procedimientos, no identificamos fundamento que obligue a esta Curia intervenir con la determinación del foro primario. Conforme establece nuestro ordenamiento jurídico sobre los asuntos de custodia, las partes tendrán su oportunidad de realizar propiamente la impugnación del informe social forense que, a esta fecha no se ha presentado. Nada de lo expuesto por el foro recurrido indica lo contrario. A nuestro entender, hasta la fecha, el foro primario no ha notificado en autos cambio alguno en las relaciones paternofiliales en este caso. En

ausencia de claridad en el pronunciamiento recurrido, no se reúnen los criterios, conforme la normativa antes expuesta que, permiten nuestra intervención en esta etapa de los procesos. Distinto a lo expuesto por el foro judicial en una orden posterior (emitida el 9 de abril de 2024), somos de la opinión que, la resolución recurrida, lejos de adjudicar y comunicar una determinación clara e inequívoca, resalta ciertas ambigüedades sujetas a interpretación.

En su consecuencia, colegimos que el foro judicial, dentro de su sana discreción dejó pendiente ante su consideración, los asuntos planteados, así como las recomendaciones preliminares de la trabajadora social, para ser consideradas en sus méritos en el momento que estime apropiado, sin menoscabo a los derechos de ambas partes a confrontar cualquier prueba presentada en su contra, conforme exige un debido proceso de ley. Tan es así, que, recientemente el TPI emitió una resolución en la que extendió el término (a vencer el 9 de julio de 2024), para la trabajadora social presentar el informe social forense final sin ordenar remedio provisional alguno.[7] Ciertamente, lo antes no limita la autoridad y jurisdicción del foro judicial de entretener y atender, conforme a derecho, las particularidades y circunstancias que, se presenten ante su atención, dentro de un debido proceso de ley, en aras de garantizar el mejor bienestar de los menores en este caso.

En el ejercicio de nuestra discreción al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* somos de la opinión que nuestra intervención no es propicia en esta etapa de los procedimientos, por lo que, procede denegar la expedición del auto de *certiorari.* Resaltamos que, lo antes no prejuzga los señalamientos que tengan a bien presentar

---

[7] Entrada núm. 164 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

ambas partes dentro de un debido proceso de ley en una etapa posterior.

**IV.**

Por los fundamentos esbozados, denegamos la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones